# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHIFT4 CORPORATION, ) | Case No. 2:13-cv-01960-APG-CWH |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| PROTEGRITY CORPORATION, ) | |
| Defendants. ) | |

This matter came before the Court on July 29, 2014 for hearing on Stipulated Protective Order (#44).  The parties agree that the Court should enter a Protective Order to govern the production, disclosure, and filing of certain confidential and highly confidential materials in this action, but disagree on the categories of information and the scope of the "prosecution bar" provision.  At the hearing, the court requested additional briefing.  Plaintiff submitted its supplemental brief (#46) on August 12, 2014, and Defendant filed its Response (#47) on August 26, 2014.

## DISCUSSION

Under Federal Rule of Civil Procedure 26(c), a court is empowered to issue, upon a showing of good cause, a protective order requiring trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. Fed. R. Civ. P. 26(c)(1)(G).  The party seeking a protective order carries the burden to show good cause for its issuance.  *See* Fed.R.Civ.P. 26(c); *In re Deutsche Bank Trust Co. Ams.*, 605 F.3d 1373, 1378 (Fed.Cir. 2010).  A party seeking a prosecution bar "must show that the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *Deutsche Bank*, 605 F.3d at 1381. "A

determination of the risk of inadvertent disclosure or competitive use does not end the inquiry ... [T]he district court must balance this risk against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice." *Id.* at 1380. "In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required." *Id.* If the moving party meets these threshold requirements, the burden shifts to the party seeking an exemption to show:

> on a counsel-by-counsel basis: (1) that counsel's representation of the client in matters before the PTO does not and is not likely to implicate competitive decisionmaking related to the subject matter of the litigation so as to give rise to a risk of inadvertent use of confidential information learned in litigation, and (2) that the potential injury to the moving party from restrictions imposed on its choice of litigation and prosecution counsel outweighs the potential injury to the opposing party caused by such inadvertent use.

*Id.* at 1381.

### 1. Categories of Information

The parties agree that information categorized as "Highly Confidential - Attorney Eyes Only – Source Code" shall be protected as set forth in the Protective Order. Shift4 proposes, however, that the prosecution patent bar should apply to both source code and other confidential information about the structure or function of a party's products, called "Highly Confidential – Attorney Eyes Only - Technical." Shift4 argues that Protegrity's proposal fails to account for the highly confidential information in other documents related to the structure or functions of Shift4's products or services which could be equally important and valuable as source code. For example, Shift4 says highly confidential information may be presented in the form of flow charts, algorithms, schematics, or specifications, which may summarize or describe Shift4's technical information. Shift4 concedes, on the other hand, that publicly available information about the structure or function of a product or service of the producing Party shall not be designated as "Highly Confidential – Attorneys' Eyes only – Technical."

Protegrity proposes that the bar should only apply to those who review "Source Code" and would not extend to those who view documents produced under an Attorneys' Eyes Only ("AEO") designation. The agreed proposed order defines the AEO designation as "documents, information or things that contain, comprise or convey especially sensitive proprietary information of the party

which warrants special restrictions on dissemination." It further indicates that "the parties are competitors and they intend that the AEO category will be used in a limited fashion, chiefly for competitively sensitive and proprietary technical or business information related to recent, present or planned activities of the producing party that such party has maintained and is maintaining in confidence." Protegrity argues that no AEO-designated documents should be subject to the prosecution bar if they are the type of documents produced to third parties, even if the documents are technical in nature (i.e. installation manuals, user manuals, training manuals, technical bulletins, sample computer scripts and "work-around" instructions to known software bugs, etc.).

Having considered the arguments, the Court finds that the prosecution bar will include AEO – Source Code" and other AEO designated property, but will not include AEO designated property which is produced to third parties, for example, installation manuals, user manuals, training manuals, technical bulletins, sample computer scripts and "work-around" instructions to known software bugs, etc. and other documents routinely given to third parties or available to the public, such as customers and prospective customers, even if it is designated as AEO.

2. Scope of Prosecution Bar

The parties both propose a prosecution bar, but disagree on its scope. Shift4 proposes a prosecution bar which will apply to anyone who participates in substituting or amending claims, whether the claim amendments are proposed in new applications or in post-grant activities.

Protegrity is agreeable to a patent prosecution bar that precludes those that view source code from being involved as competitive decision makers in patent prosecution activity. Protegrity opposes Shift4's proposal because it imposes significant and undue hardship on Protegrity and its counsel and interferes directly with Protegrity's ability to efficiently litigate this case. It argues that the bar should extend only to activities that deal with the addition of new matter or new disclosures into a patent application, but not to post-grant activities. The court is persuaded that Protegrity's proposed prosecution bar, in addition to other confidentiality provisions contained within the proposed protective order[1] adequately protects Shift4 from risk presented by the disclosure of

---

[1] *See,* Proposed Protective Order #44, Paragraph III.

proprietary competitive information.  Accordingly, the Court will adopt the appropriate portions of Protegrity's proposed prosecution bar, but it will not apply to AEO designated property which is produced to third parties, as discussed above.

Accordingly,

**IT IS HEREBY ORDERED** that the parties shall confer and submit a proposed Protective order with a prosecution bar paragraph which reflects the findings herein, not later than **September 12, 2014**

**IT IS FURTHER ORDERED** that the parties shall bear their own fees and costs.

DATED: September 3, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**